IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAY ASKIN,

      Plaintiff,

                                Civil Action 2:16-cv-325

      v.                          Magistrate Judge Elizabeth P. Deavers

OCWEN LOAN SERVICING, LLC,

      Defendant.

## OPINION and ORDER

This matter is before the Court for consideration of Plaintiff's to Compel (ECF No. 24), Defendants' Memorandum in Opposition (ECF No. 27), and Plaintiff's Reply (No. 30). For the reasons explained below, Plaintiff's Motion to Compel is **DENIED**.

### I.

Plaintiff brings this action alleging violations of the Real Estate Procedures Act, 12 U.S.C. § 1206, *et seq.*, ("RESPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").[1] On April 14, 2017, Plaintiff filed his Motion to Compel seeking the Court to order Defendant to provide further responses to certain interrogatories. (ECF No. 24.) According to Plaintiff, Defendant characterized the interrogatories' subparts as separate interrogatories and, therefore, improperly concluded that Plaintiff had exceeded his limit under the rules. (*Id.* at 4.) Plaintiff also asserts that Defendant failed to sufficiently address interrogatories to which it did purport to respond directly. (*Id.* at No. 24.) Defendant, for its

---

[1] On February 3, 2017, Defendant filed its Renewed Motion for Judgment on the Pleadings. (ECF No. 21.) In ruling on Defendant's Motion, the Court dismissed Plaintiff's FDCPA claims, but allowed Plaintiff's RESPA claims to go forward. (ECF No. 35.)

part, maintains that the interrogatories' subparts are separate inquiries and, therefore, should be counted separately against Plaintiff's limit under the rules. (ECF No. 27 at 2.) Defendant also argues that all of its responses directly and completely address the interrogatories. (*Id*. at 3-4.) Defendant maintains that Plaintiff is using his Motion as a vehicle to get more discovery than he is permitted under the rules. (*Id*. at 5.)

The interrogatories and responses at issue are the following:

**Interrogatory No. 3:**
Identify fully the steps you took to investigate the errors describe in each of the following (previously referenced) of Plaintiff's letters sent to You:

a. January 14, 2015
b. January 26, 2015
c. February 17, 2015
d. March 6, 2015
e. March 18, 2015
f. April 7, 2015
g. April 16, 2015
h. August 26, 2015

**Response:** Ocwen objects to this Request to the extent that it calls for a legal conclusion. Ocwen objects to the Request to the extent that is duplicative of prior Requests. Subject to this and the General Objections, Ocwen hereby references its document production, including but not limited to the Exhibits attached to Plaintiff's Complaint that are responses to the above-referenced letters, which speak for themselves.

**Interrogatory No. 4:**
Identify Fully the steps You took to correct the errors detailed in each of the following letters Plaintiff sent to You:

a. January 14, 2015
b. January 26, 2015
c. February 17, 2015
d. March 6, 2015
e. March 18, 2015
f. April 7, 2015
g. April 16, 2015
h. August 26, 2015

>    **Response:** Ocwen objects to this Request to the extent that it calls for a legal conclusion. Ocwen objects to the Request to the extent that is duplicative of prior Requests. Subject to this and the General Objections, Ocwen hereby references its document production, including but not limited to the Exhibits attached to Plaintiff's Complaint that are responses to the above-referenced letters, which speak for themselves.
>
>    **Interrogatory No. 5:**
>    Explain why Mr. Askin did not receive a mortgage statement from April 2012-May 2014 (See Exhibit 10):
>
>    **Response:** Ocwen objects to this Request to the extent it is overly broad and unduly burdensome, and to the extent it is vague and ambiguous. Subject to these objections and by way of further response, Ocwen hereby references and incorporates the deposition testimony of Tonya Tillman, dated July 1, 2016, as if set forth herein.
>
>    **Interrogatory No. 7:**
>    Explain why You accepted Mr. Askin's payments of $1,139.54 for the months of July-December of 2012, the entire year of 2013, and January – April of 2014.
>
>    **Response:** Plaintiff objects to this Request to the extent it is overly broad and unduly burdensome, and to the extent it is vague and ambiguous. Subject to this and the general objections, Ocwen hereby references and incorporates the deposition testimony of Tonya Tillman, dated July 1, 2016, as if set forth herein.

(ECF No. 24-1 at 12-15.)

## II.

Plaintiff has moved the Court for an order compelling Defendant to respond to his discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Rule 33(a)(2) sets forth the permissible scope of written interrogatories. The rule provides, "[a]n interrogatory may relate to any matter that may be inquired into under Rule

26(b)." Fed. R. Civ. P. 33(a)(2). Rule 26(b) allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

Rule 33(a)(1) also sets forth the limits on written interrogatories. The Rule provides, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

## III.

As a preliminary matter, the Court finds that Plaintiff's Interrogatories Nos. 5 & 7 only address his now-dismissed FDCPA claims. In this matter's current posture, they are, therefore, not relevant to any party's claim or defense as required by the rules. Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's Motion is not well-taken with respect to Interrogatories Nos. 5 & 7.

With respect to Interrogatories Nos. 3 & 4, Plaintiff bases his Motion to Compel on Defendant's alleged mischaracterization of their discrete subparts. (ECF No. 24 at 4-5.) Defendant's responses, however, also indicate that it objects on the basis that previous production is fully responsive to these interrogatories. (ECF No. 24-1 at 12-13.) Defendant clearly asserts in its response to the interrogatories, "Ocwen hereby references its document production, including but not limited to the Exhibits attached to Plaintiff's Complaint that are responses to the above-referenced letters, which speak for themselves." (*Id.*)

Rule 33(d) gives a party responding to interrogatories the option of producing business records. Fed.R.Civ.P. 33(d). This option exists "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business

records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.* When these conditions are met, the responding party may answer by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

*Id.*

In the instant case, Defendant referred to prior production attached to Plaintiff's Complaint and specified that the appropriate production to be reviewed are "[Defendant's] responses to the above-referenced letters." (ECF No. 24-1 at 12-13.) Plaintiff does not appear to dispute Defendant's response. A review of Plaintiff's Motion reveals no mention of the responsiveness of Defendant's document production to these interrogatories. Insofar, then, as Plaintiff does not challenge the sufficiency of Defendant's prior document production as responsive to Interrogatories Nos. 3 & 4, this Court need not intervene to decide a question not in issue.

In sum, for the reasons explained above, Plaintiff's Motion to Compel is **DENIED** (ECF No. 24).

**IT IS SO ORDERED.**


Date: October 4, 2017	/s/ *Elizabeth A. Preston Deavers*
ELIZABETH PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE